

**Brenda K. Martin, Bankruptcy Judge**

1  THE LAW OFFICE OF
   **KELLY G. BLACK, PLC**
2
   1152 E Greenway St, Ste 4
3  Mesa, AZ 85203-4360
   P 480-639-6719
4  F 480-639-6819
   kgb@kellygblacklaw.com
5  Attorneys for Debtors
   By:    Kelly G. Black, No. 016376
6
                **UNITED STATES BANKRUPTCY COURT**
7
                      **DISTRICT OF ARIZONA**
8
   In re:                          | **No. 2:11-bk-06877-BKM**
9
   **Garrett Wade Harrison and Kiresten Kei**   Chapter 11 Proceedings
10 **Harrison,**
                                    **Order Confirming Chapter 11 Plan of**
11    Debtors.                       **Reorganization**

12                                  Assigned to: Honorable Brenda K. Martin

13

14        Garrett Wade Harrison and Kiresten Kei Harrison, Debtors and Debtors-in-Possession

15 ("Debtors") having filed their Chapter 11 Plan of Reorganization (Doc 103) attached as Exhibit

16 A, as amended by the Notice of Errata (Doc 121) attached as Exhibit B; the Stipulation

17 Resolving Objection to Plan (The Bank of New York Mellon) (Doc 187) attached as Exhibit C;

18 the Stipulation Allowing Claim and Providing for Plan Treatment (Internal Revenue Service)

19 (Doc 202) attached as Exhibit D; and by the Stipulation Resolving Objection to Plan (Sossaman

20 Estates HOA) (Doc 203) attached as Exhibit E (collectively the "Plan");

21        Debtors having further filed their Motion to Determine Valuation of Claims and Avoid

22 Liens Secured by 18525 E Purple Sage Dr, Queen Creek AZ 85242 (Doc 127) (the "Valuation

23 Motion") and their Notice thereof (Doc 128), and having served the Valuation Motion and the

24 Notice thereof (Doc 135);

25        Debtors having reached stipulations (Docs 187, 203) with the only parties to have filed

26 objections to the Plan (109, 131, 142) or to the Valuation Motion (Docs 129, 130);

27

28

1   The Court finding that the plan amendments made by stipulations between Debtors and

2   The Bank of New York Mellon (Doc 187), the Internal Revenue Service (Doc 202) and the

3   Sossaman Estates HOA (Doc 203) modify and supersede the terms of the originally filed plan to

4   the extent of any conflict; that these amendments represent reasonable accommodations to the

5   creditors' objections and concerns; and that that such modifications do not require further notice;

6   Debtors having presented their Declaration in Support of Confirmation (Doc 144), the

7   Court having conducted the confirmation hearing;

8   The Court therefore makes the findings and orders below:

9   **I.    Section 1129 Findings**

10  1.    The Plan of Reorganization complies with the applicable provisions of Title 11,

11  satisfying the requirements of Section 1129(a)(1).

12  2.    Debtors have complied with the applicable provisions of Title 11, satisfying the

13  requirements of Section 1129(a)(2).

14  3.    Debtors proposed the Plan in good faith, satisfying the requirements of Section

15  1129(a)(3).

16  4.    The Plan meets the requirements of Section 1129(a)(4), requiring court approval

17  for payments to professionals.

18  5.    The Plan discloses the Debtors' post -confirmation management in compliance

19  with Section 1129(a)(5).

20  6.    The provisions of Section 1129(a)(6) are not applicable in this case.

21  7.    The requirements of Section 1129(a)(7) are satisfied with respect to each class.

22  8.    The requirements of Section 1129(a)(8) are satisfied with respect to all classes, as

23  all classes have accepted the plan.

24  9.    The Plan satisfies the requirements of Section 1129(a)(9).

25  10.   The requirements of Section 1129(a)(10) are satisfied with respect to all classes,

26  as all classes have accepted the plan.

27

28

11.     The Court finds that the Plan is feasible and can actually be implemented as proposed, in satisfaction of the requirements of Section 1129(a)(11).

12.     In compliance with Section 1129(a)(12), the plan provides that any U.S. Trustee Fees owed on or before the effective date of the Plan will be paid on or before the effective date.

13.     Section 1129(a)(13) is not applicable to this case.

14.     Section 1129(a)(14) is not applicable because neither Debtor is subject to a domestic support obligation.

15.     No holder of an allowed unsecured claim has objected to the confirmation of the plan. Accordingly, Section 1129(a)(15) is not applicable to this case.

16.     As Debtors are individuals, and not a nonprofit entity, Section 1129(a)(16) is not applicable to this case.

17.     As detailed above, all of the requirements of Section 1129(a) have been met, including paragraph (8).

18.     Debtors have requested confirmation pursuant to Section 1129(a).

**II.     Orders**

IT IS THEREFORE ORDERED granting the Valuation Motion and confirming the Plan.

IT IS FURTHER ORDERED that this court shall retain jurisdiction over this case to enforce this Order Confirming Plan of Reorganization and as more fully set forth in the Plan provisions dealing with the retention of jurisdiction.

IT IS FURTHER ORDERED that the confirmation of this plan does not constitute a discharge of the debts of the debtor, though Debtors may reopen the case for entry of a discharge as set forth in the Plan and in Section 1141(d) of the Bankruptcy Code.

/ / /

1    IT IS FURTHER ORDERED that any claims for professional fees incurred before

2  confirmation, any other administrative claims, and any other timely claims not previously filed,

3  scheduled or determined, shall be barred if not filed within thirty days after entry of this order.

4      **SIGNED AND DATED ABOVE.**

5

6

7

8  Approved as to Form:

9                                    ILENE J. LASHINSKY
                                     United States Trustee
10                                   District of Arizona

11                                   _Patty Chan_  9-14-16

12                                   By: Patty Chan, Trial Attorney

13  Order Confirming Chapter 11 Plan June 29 2016.docx

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

List of Allowed Claims

| Priority | ARIZONA DEPARTMENT OF REVENUE | |
|---|---|---|
| | Claim 25 admin filed. Balance per 7/19/16 email | $1,393.93 |
| | | |
| | Internal Revenue Service | $8,984.08 |
| | Related general unsecured | $5,488.81 |
| | Resolved with payment plan, Stip at Doc 202 | |
| | Total Priority | $10,378.01 |
| | Related general unsecured | $5,488.81 |
| | | |
| Class 3 Unsecured | From priority list | $5,488.81 |
| | From Class 5 | $0.00 |
| | Am Cred& Col | $23,787.28 |
| | Amos Financial LLC | $111,472.98 |
| | (assigned post-petition by | |
| | Sovereign Bank, N.A.) | |
| | AES/PHEAA | $103,010.35 |
| | Objection expected as duplicative of | |
| | ECMC claim for $128,069.81 | |
| | American Honda Finance Corporation | $187.22 |
| | American InfoSource LP as agent for | $601.25 |
| | T Mobile/T-Mobile USA Inc | |
| | Asset Acceptance LLC | $712.84 |
| | Asset Acceptance LLC | $13,621.21 |
| | CACH, LLC | $0.00 |
| | Per Plan 6.5.5, else $7,898.00 per schedules | |
| | Capitol One Bank (USA), NA | $3,170.73 |
| | Capitol One Bank (USA), NA | $5,789.59 |

| | |
|---|---:|
| Capital One Bank (USA), N.A. | $3,578.90 |
| Credit Collection Services | $118.41 |
| ECMC | $35,541.40 |
| ECMC | $128,069.81 |
| GE Money Bank | $2,695.16 |
| Kilpatrick, Luster & CO., CPA, PLLC | $2,430.80 |
| Main Street Acquisition Corp. | $4,197.78 |
| Midland Credit Management, Inc. | $10,647.24 |
| Midland Credit Management, Inc. | $4,978.13 |
| Milano Music | $1,644.65 |
| National Credit Adjust | $1,713.00 |
| Northstar Capital Acquisition | $1,436.00 |
| Power Mini-Storage | $3,097.04 |
| Portfolio Recovery Associates, LLC | $4,419.92 |
| ROBISON ORTHODONTICS | $3,022.75 |
| Superior Mgt | $801.00 |
| Household Realty Corporation | $35,000.00 |
| Twin Star Credit Union | $500.00 |
| Twin Star Credit Union | $253.00 |
| Zenith Acquisition | $1,326.00 |
| Total | $513,313.25 |

| | | |
|---|---|---:|
| Class 4 Secured | The Bank of New York Mellon | $342,188.01 |

| Class 5 Secured | Sossaman Estates HOA post-petition secured | $7,971.80 |
| | Pre-petition secured | $9,217.61 |

# Exhibit A

THE LAW OFFICES OF

# KELLY G. BLACK, PLC

1152 E Greenway St, Ste 4
Mesa, AZ 85203-4360
P 480-639-6719
F 480-639-6819
kgb@kellygblacklaw.com
Attorneys for Garrett Harrison and Kiresten Harrison
By:      Kelly G. Black, No. 016376

**UNITED STATES BANKRUPTCY COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re: | **No.  2:11-bk-06877-GBN** |
| **Garrett Harrison and Kiresten Harrison,** | Chapter 11  Proceedings |
| Debtors | **Chapter 11 Plan of Reorganization** |
| | Assigned to: Honorable George B. Nielsen Jr. |

## I.      Summary

1.1      This Plan of Reorganization (the "Plan") under Chapter 11 of the Bankrutpcy Code (the "Code") proposes to pay creditors of Debtors Garrett Wade  Harrison and Kiresten Kei Harrison, (the "Debtors," or "Debtors-in-Possession"), from future income.

1.2      All creditors and equity security holders should refer to the provisions of this Plan for information regarding the precise treatment of their claims. **Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one. (If you do not have an attorney, you may wish to consult one.)**

## II.      Commitment and Payment of Income and Property

2.1      *Regular Income Committed*. From future income or other sources, Debtors shall commit to the Plan the monthly sum of $2,756.50 beginning on the 1st day of the first month following the effective date of this Plan and continuing for 120 months after the effective date. After month 120, Debtors shall commit to the Plan the monthly sums required to maintain the payments provided under Section 3.4 if that claim remains unsatisfied.

2.2      *Property Committed*. Debtors shall also commit to the Plan a sum sufficient to make the payments required by Sections 3.1 and 3.5.

2.3      *Commitment of Additional Property*. At any time, Debtors may pre-pay the amounts committed under Sections 2.1 and 2.2 from any source, including future income and property liquidated for distribution.

2.4      *Priority of Payments*. Except as this Plan expressly states provides to the contrary, the Debtors will apply any income or property committed to the Plan *first* to satisfy any payment described in Articles III and IV as due on the effective date; *second* to satisfy any minimum payment described in Articles III and IV as falling due after the effective date; *third* to satisfy

any remaining cure obligation described in Article IV; and *fourth* to satisfy in full all remaining claims or interests in the order in which they appear in Articles III and IV.

## III. Treatment of Classes of Claims and of Unclassified Claims

3.1 **Unclassified Priority Group 1.** Each administrative expense claim, to the extent allowed under § 503(b) of the Code, together with any fees and charges assessed against the estate under Chapter 123 of title 28, with priority under § 507(a)(2) of the Code. Under the terms of § 1123(a)(1), such claims are not in classes. Claims with this priority group may include those described below:

3.1.1 *United States Trustee Fees*. All fees required to be paid by 28 U.S.C. §1930(a)(6) (U.S. Trustee Fees) will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Code. Any U.S. Trustee Fees owed on or before the effective date of this Plan will be paid on the effective date.

3.1.2 *Preserving the Estate*. Claims for the actual, necessary costs and expenses of preserving the estate allowed under § 503(b)(1)(A), which may include but are not limited to:

i.   certain post-petition compensation and labor awards;
ii.  certain post-petition torts by the debtors-in-possession or trustee;
iii. certain environmental claims;
iv.  certain post-petition unsecured debt; and
v.   certain post-petition obligations related to leases and executory contracts.

3.1.3 *Certain Post-Petition Taxes*. Claims for certain post-petition taxes and penalties described in § 503(b)(1)(B-D). Such claims may include income taxes generated post-petition from services or from property of the estate, and may also include property taxes for the tax year following the year in which the bankruptcy petition was filed.

3.1.4 *Compensation of Officers and Professionals*. Claims for compensation and reimbursement of officers of the estate or professionals employed and awarded under § 330(a) of the Code, or otherwise awarded under § 503(b)(2-6,8).

3.1.5 *Certain Rejection Damages*. Certain claims by landlords under nonresidential real property leases rejected after previous assumption and allowed under § 503(b)(7).

3.1.6 *Certain Goods*. Claims for the value of certain goods received by the Debtors within 20 days before the Petition Date and allowed under § 503(b)(9).

3.1.7 *FRB Loans*. Unsecured claims of a Federal reserve bank, to the extent allowed with priority under § 507(b)(2).

The holder of the following claims within this group will be paid in full on the effective date, in cash, or upon such other terms as may be agreed upon by the holder of the claim and the Debtors: (1) United States Trustees Fees; (2) Claims for post-petition taxes and penalties described in § 503(b)(1)(B-D); and (3) Compensation and reimbursement of Jackson White, P.C. and Kelly G. Black, PLC. No other claim within this group will be paid and, except as provided in § 503(b)(1)(D), no claim within this group will be paid unless a motion and notice for allowance of the claim is filed and served on or before the effective date and the claim is thereafter allowed by the court.

Claims within this group are not entitled to cast a ballot.

3.2    **Unsecured Priority Group 2.**    *Priority Tax Claims*. Each unsecured tax claim of a governmental unit, to the extent allowed with priority under § 507(a)(8).

The holder of a claim allowed within this group will be paid the full amount of the allowed claim, with interest from the date the claim arose at the rate required by 11 U.S.C. § 511, in cash payments beginning the thirtieth day after satisfaction of all claims with higher priority under this Plan and amortized in equal monthly installment payments through the fifth anniversary of the date of the order for relief.

Claims with this priority include:

3.2.1    Proof of Claim 5, filed by the Internal Revenue Service. The validity of this claim is not admitted, and may be the subject of a claims objection and motion under 11 U.S.C. § 505. If allowed as filed, the principal portion of the priority claim, in the sum of $7,867.00, will be paid with interest at the fixed rate of 3.22% per annum in 32 monthly installments of $256.88. The interest portion of the priority claim, in the sum of $1,117.08, will be paid without interest in 32 monthly installments of $34.91. Payments shall begin by July 16, 2013. Payments accruing before the effective date of the Plan shall be made on the effective date of the Plan.

3.2.2    Proof of Claim 2, filed by the Arizona Department of Revenue. The validity of this claim is not admitted, and will be the subject of a claims objection and motion under 11 U.S.C. § 505. If allowed as filed, the Plan is not feasible. If allowed in an amount which makes the Plan feasible, the priority claim will be paid with interest at the fixed rate of 3.00% per annum in cash payments beginning the thirtieth day after satisfaction of all claims with higher priority under this Plan and amortized in equal monthly installment payments through the fifth anniversary of the date of the order for relief.

3.3    **Class 3.**    *General Unsecured Non-Priority Claims*. All other unsecured claims allowed under § 502 of the Code.

The holder of a claim allowed within this class will be paid a pro rata share of $22,000.00, in cash payments beginning the thirtieth day after satisfaction of all unsecured claims with higher priority under this Plan and divided in equal monthly installment payments continuing through month 120 after the effective date.

This class is impaired and is entitled to cast a ballot.

3.4    **Class 4.**    The claim of The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2004-12, Mortgage Pass Through Certificates, Series 2004-12, filed as Proof of Claim 22 and scheduled under the name "Bac Home Loans Servici" at Docket 13, p. 9, account number xxxx6663, secured by a deed of trust recorded with the Maricopa County Recorder on April 22, 2004 at 2004-0433069, with the related assignment recorded March 14, 2012 at 2012-0212519, against the following described property:

18525 E. Purple Sage Drive
Queen Creek, AZ 85242,

more fully described as:

Lot 96, Parcel G at Sossaman Estates, according to Book 585 of Maps, Page 1, records of Maricopa County, Arizona

APN:  304-68-888,

to the extent allowed as a secured claim.

Debtors value the collateral at $264,300.00.

This claim and lien shall be treated as follows:

**Option 1**

If the holder of the Class 4 claim accepts this plan and fails to elect Option 2, the treatment set forth herein shall apply.

*Allowance of Claim.* The claim will be allowed as a secured claim in the amount of $342,188.01. The secured claim shall consist of the following elements:

1. Principal in the amount of $298,905.73, with interest thereon from May 1, 2013 at the fixed rate of 4.5% per annum through January 1, 2015 and at the rate of 5% from January 1, 2015. Debtors shall make payments in the following amounts:

   a. $1,835.64 per month beginning June 1, 2013 and continuing through and including January 1, 2015;

   b. $1,912,65 per month beginning February 1, 2015 and continuing for 99 months through and including April 1, 2023; and

   c. A final payment in the aum of $195,804.81 on May 1, 2023,

   unless earlier paid.

   These payments shall be applied first to interest accruing on principal from May 1, 2013 and then to principal.

2. Ongoing escrow payments in a sum sufficient to satisfy insurance and property taxes payable after May 1, 2013; until the parties agree or the Court determines otherwise, these escrow payments shall be in the monthly amount of $405.67;

3. Payment of amounts necessary to cure defaults arising before May 1, 2013 which shall be allowed in the following amounts:

   a. Escrow payments accrued from February 1, 2011 to May 1, 2013 in the sum of $14,135.24;

   b. Interest accrued from February 1, 2011 through May 1, 2013 in the sum of $29,147.04; and

   c. Fees asserted in the proof of claim in the sum of $2,405.47 shall be disallowed.

   Debtors shall pay these sums on or before May 1, 2023.

**Option 2**

If the holder of the Class 4 claim fails to accept this plan, or accepts this plan and elects this Option 2, the treatment set forth herein shall apply.

*Allowance of Claim.* The claim will be allowed as a secured claim in the amount of $342,188.01. The secured claim shall consist of the following elements:

4.  Principal in the amount of $298,905.73, with interest thereon from May 1, 2013 at the fixed rate of 4.5% per annum through January 1, 2015 and at the rate of 5% from January 1, 2015. Debtors shall resume making monthly payments beginning June 1, 2013 in the amounts currently required by the loan documents:

    a.  $1,729.84 through and including January 1, 2015;

    b.  $1,802.42 beginning February 1, 2015 and continuing until paid in full on or before the maturity date, May 1, 2034.

    Debtors shall increase these payments by $105.80 and $110.23 respectively to reinstate the maturity date. The combined principal and interest payments Debtors shall make each month beginning June 1, 2013 as as follows:

    c.  $1,835.64 through and including January 1, 2015;

    d.  1,912,65 beginning February 1, 2015 and continuing until paid in full on or before the maturity date, May 1, 2034.

    These payments shall be applied first to interest accruing on principal from May 1, 2013 and then to principal.

5.  Ongoing escrow payments in a sum sufficient to satisfy insurance and property taxes payable after May 1, 2013; until the parties agree or the Court determines otherwise, these escrow payments shall be in the monthly amount of $405.67;

6.  Payment of amounts necessary to cure defaults arising before May 1, 2013 which shall be allowed in the following amounts:

    a.  Escrow payments accrued from February 1, 2011 to May 1, 2013 in the sum of $14,135.24;

    b.  Interest accrued from February 1, 2011 through May 1, 2013 in the sum of $29,147.04; and

    c.  Fees asserted in the proof of claim in the sum of $2,405.47 shall be disallowed.

    Debtors shall pay these sums by making monthly cure payment in the amount of $181.30, which shall be applied first to cure escrow payments, then accrued interest, then any fees which may be allowed.

**Either Option 1 or Option 2**

The following shall apply under either Option 1 or Option 2:

*Lien.* Until payments are completed under this Plan, this class shall maintain its pre-petition lien, limited to the amount of the allowed secured claim. Upon payment in full of the payments provided for this class, Debtors shall be entitled to a release of all pre-petition, post-petition and post-confirmation liens.

*Default*.  A default with respect to this class shall not constitute a default under the plan with respect to any other class or party in interest.

*Pre-Payment*.  Debtors  will have the right to prepay this secured claim without penalty at any time.

This class is impaired and is entitled to cast a ballot.

3.5    **Class 5.**      The claim of Sossaman Estates Homeowners Association, filed as Proof of Claim 9 and scheduled under the name "Sossaman Estates" at Docket 13, p. 9, secured by a homeowners association lien against the property described in Section 3.4, to the extent allowed as a secured claim. A Notice and Claim of Lien was recorded August 13, 2007 in the records of the Maricopa County Recorder at 2007-0907300; the notice references a Declaration of Covenants, Conditions and Restrictions recorded September 11, 2001 at 2001-0836393 (the "CC&Rs").

Debtors value the collateral at $264,300.00.

This claim and lien shall be treated as follows:

*Allowance of Claim*.  The holder of this claim will be allowed no pre-petition secured claim, a pre-petition unsecured claim in the amount of $9,217.61, a secured post-petition claim in the amount of $2,067.00 through May 31, 2013, and such further secured post-petition claim for periods beginning June 1, 2013 as may be established by stipulation or motion filed before the effective date, less payments made after the date this plan is filed. The treatment of the unsecured claim is not provided for in this class, but in the section addressing unsecured claims.

*Pre-Petition Lien*. The lien will be released with respect to pre-petition claims only. The Lis Pendens recorded June 28, 2010 in the records of the Maricopa County Recorder at 2010-0544901 by Sossaman Estates Homeowners Association, together with any proceedings in *Sossaman Estates Homeowners Association v. Harrison*, Maricopa County Superior Court No. CV2010-020330 shall be void and of no further effect.

*Post-Petition Lien*. The holder of this claim will retain any lien rights it may have under the with respect to the allowed secured post-petition claim. Allowed post-petition claims accruing on or before the effective date of the plan will be paid in ten monthly installments in the minimum sum of $206.70 beginning thirty days after the effective date until paid in full.

This class is impaired, and a holder of a claim within this class is entitled to cast a ballot. In the event that the pre-petition claim is found to be wholly or partially secured, the secured claim and lien shall be treated in the manner provided in paragraph 3.4.

3.6    **Class 6.**      *Debtors' Interests*. The interests of the individual Debtors in property of the estate.

Except as specifically stated in the Plan, Debtors shall retain all of their legal and equitable interests in exempt and non-exempt assets of this estate, including income, free and clear of all claims and interests. All estate property shall vest in Debtors at confirmation.

## IV.    Assumption and Rejection of Leases and Executory Contracts

4.1    *Assumed Executory Contracts and Unexpired Leases*. The Debtors assume the following executory contracts and/or unexpired leases effective upon the effective date: None.

4.2     Upon the effective date of this Plan, the Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed in this Article IV, unless separately assumed on motion filed after the filing of this Plan and before the date of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## V.     Allowance and Disallowance of Claims

5.1     *Disputed Claim*. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

5.2     *Delay of Distribution on a Disputed Claim*.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.3     *Settlement of Disputed Claims*.  The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.4     *Administrative and Lease Rejection Claims*. Administrative claims are governed by Section 3.4 of this Plan. Claims relating to rejected leases are governed by Section 4.2 of this Plan.

5.5     *Allowance and Disallowance of Secured Claims*. Confirmation of the Plan will result in the allowance and disallowance of specific claims of secured claims as provided in Sections 3.4-3.5. If not there allowed, secured claims will be disallowed and any related lien released as provided in Article VI. **You are advised to review these provisions to identify your claim and determine whether and how it will be allowed and treated under the Plan.**

## VI.     Means for Implementation of the Plan

6.1     *Retention of Property of the Estate*. Except as specifically stated in the Plan, Debtors shall retain all of their legal and equitable interests in exempt and non-exempt assets of this estate, including income, free and clear of all claims and interests. For purposes of § 1141(c), all estate property shall be deemed "dealt with by the plan." All estate property shall vest in Debtors at confirmation.

6.2     *Transfer of Property of the Estate*. After confirmation, Debtors may transfer property of the estate. Each transfer shall be subject to the Debtors' respective obligations under the allowed secured claims and liens, as modified in this Plan.

6.3     *Satisfaction and Modification of Liens*. Liens against property of the estate shall be satisfied and modified on Debtors' compliance with the relevant terms of Articles III and IV. Any lien which is wholly unsecured shall be deemed released upon confirmation of the Plan.

6.4     *Curing or Waiving Default*. Any default of Debtors shall be deemed cured or waived by confirmation of this Plan.

6.5     *Lien Stripping*. Without limiting the foregoing, entry of an order confirming the Plan shall have the effect of vesting the real property identified in Sections **Error! Reference source not found.**-3.5 in Debtors free of all liens, claims and interests, including but not limited to the following:

6.5.1 The liens, claims and interest identified in Sections 3.4-3.5 shall be preserved, modified, released and satisfied on the terms stated in those Sections.

6.5.2 The Deed of Trust recorded May 27, 2005 in the records of the Maricopa County Recorder at 2005-0711358 in favor of Aegis Funding Corp. dba Aegis Home Equity and apparently the subject of an unrecorded assignment to Sovereign Bank, N.A. shall be void and of no further effect. The holder of this claim shall instead be allowed an unsecured claim in the amount of $92,135.00, or in such other amount as may be allowed on any proof of claim which it may file.

6.5.3 The Deed of Trust recorded October 24, 2005 in the records of the Maricopa County Recorder at 2005-1594883 in favor of Household Realty Corporation and apparently the subject of an unrecorded assignment to _____ shall be void and of no further effect. The holder of this claim shall instead be allowed an unsecured claim in the amount of $35,000.00, or in such other amount as may be allowed on any proof of claim which it may file.

6.5.4 The Judgment recorded January 13, 2009 in the records of the Maricopa County Recorder at 2009-0029706 by Capital One Bank (USA), NA, together with any proceedings in *Capital One Bank (USA), NA v. Harrison*, Maricopa County Superior Court No. TJ2009-060608 shall be void and of no further effect. The holder of this claim shall instead be allowed an unsecured claim in such amount as may be allowed on any proof of claim which it may file.

6.5.5 The Judgment recorded April 6, 2009 in the records of the Maricopa County Recorder at 2009-0303029 by CACH, LLC, together with any proceedings in *CASH, LLC v. Harrison*, Maricopa County Superior Court No. CV2008-026607 shall be void and of no further effect. The holder of this claim shall instead be allowed an unsecured claim in such amount as may be allowed on any proof of claim which it may file.

6.5.6 The Judgment recorded September 25, 2009 in the records of the Maricopa County Recorder at 2009-0891793 by Midland Funding, LLC, together with any proceedings in *Midland Funding, LLC v. Harrison*, Maricopa County Superior Court No. CV2009-012496 shall be void and of no further effect. The holder of this claim shall instead be allowed an unsecured claim in such amount as may be allowed on any proof of claim which it may file.

6.5.7 The Judgment recorded October 13, 2009 in the records of the Maricopa County Recorder at 2009-0945646 by Capital One Bank (USA), NA, together with any proceedings in *Capital One Bank (USA), NA v. Harrison*, Maricopa County Superior Court No. TJ2009-014088 shall be void and of no further effect. The holder of this claim shall instead be allowed an unsecured claim in such amount as may be allowed on any proof of claim which it may file.

6.5.8 The Judgment recorded November 25, 2009 in the records of the Maricopa County Recorder at 2009-1088519 by Midland Credit Management, Inc., together with any proceedings in *Midland Credit Management, Inc. v. Harrison*, Maricopa County Superior Court No. TJ2009-017502 shall be void and of no further effect. The holder of this claim shall instead be allowed an unsecured claim in such amount as may be allowed on any proof of claim which it may file.

6.5.9 The personal property identified in Debtors' schedules shall vest in Debtors free of all liens, claims and interests.

6.6    *Funding*. Payments and distributions under the Plan will be funded as provided in Article II.

6.7    *Source of Payments*. The income and property to be committed to the Plan shall be generated from Debtors' earnings.

6.8    *Post-Confirmation Management*. The post-confirmation management of Debtors shall remain in Debtors.

## VII.   General Provisions

7.1    *Definitions and Rules of Construction*. The definitions and rules of construction set forth in §§ 101 and 102 of the Code shall apply when terms defined or construed in the Code are used in this Plan.

7.2    *Effective date of Plan*. The effective date of this Plan shall be the date falling 30 days after the entry of an Order confirming this Chapter 11 Plan of Reorganization. But if a stay of the confirmation order is in effect on that date, the effective date will be the first business day after that date on which no stay of the confirmation order is in effect, provided that the confirmation order has not been vacated.

7.3    *Severability*. If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

7.4    *Binding Effect*. The rights and obligations of any entity named or referred to in this Plan will be binding upon, and will inure to the benefit of the successors or assigns of such entity.

7.5    *Captions*. The headings contained in this Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

7.6    *Controlling Effect*. Unless a rule of law or procedure is supplied by federal law (including the Code or the Federal Rules of Bankruptcy Procedure), the laws of the State of Arizona govern this Plan and any agreements, documents, and instruments executed in connection with this Plan, except as otherwise provided in this Plan.

7.7    *Quarterly Fees and Reports*. Debtors shall continue to pay quarterly fees to the U.S. Trustee System until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding. Debtors shall continue to file monthly operating reports until such time as the Court enters an Order confirming this Chapter 11 Plan of Reorganization. At such time, Debtors shall cease filing monthly operating reports and shall begin filing 90 day reports. These 90 day reports shall be filed until such time as a Final Decree has been entered in this matter by the Court, closing this Chapter 11 proceeding.

7.8    *Retention of Jurisdiction*. The Bankruptcy Court will retain jurisdiction over this case for purposes of determining the allowance of claims or objections to claims. The Court will also retain jurisdiction for purposes of fixing allowances for compensation and/or for purposes of determining the allowability of any other claimed administrative expenses. The Court will also retain jurisdiction for the purpose of establishing bar dates and making a determination with respect to all disputed claims. Finally, the Court shall retain jurisdiction for purposes of determining any dispute arising from the interpretation, implementation, or consummation of the Plan and to implement and enforce the provisions of the Plan. Notwithstanding anything to the contrary contained herein, the Debtors shall not be bound by estoppels, the principles of res

judicata or collateral estoppel with respect to any term or provision contained herein in the event the Plan is not confirmed.

## VIII. Confirmation, Modification, Closing and Discharge

8.1 *Effect of Confirmation*. Confirmation substitutes the terms and obligations stated in this Plan for all preconfirmation claims and interests.

8.2 *Modification of Plan*. The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require a new disclosure statement and/or revoting on the Plan.

8.3 The Plan Proponent may also seek to modify the Plan at any time after confirmation only if (1) the Plan has not been substantially consummated and (2) the Court authorizes the proposed modifications after notice and a hearing.

8.4 *Final Decree Closing Case*. Once all contested and adversary matters have concluded, and Debtors have commenced making all payments required to be made pursuant to their Plan of Reorganization, Debtors will move for a final decree closing the case. The order will provide that the case shall be reopened upon the Debtors' request for the entry of their discharge. The Debtors' request to reopen shall be made pursuant to 11 U.S.C. § 350, with notice to all parties, and shall be supported by evidence that they have made all of their Plan payments.

8.5 *Discharge of Debtors'*. Confirmation of the Plan does not discharge any debt provided for in the Plan until the court grants a discharge on completion of all payments under the Plan, or as otherwise provided in § 1141(d)(5) of the Code. Debtors shall be discharged from all unsecured debt on completion of all payments provided for by the Plan to unsecured creditors, and from each secured debt on compliance with the terms of the Plan with respect to that debt. Debtors will not be discharged from any debt excepted from discharge under § 523 of the Code, except as provided in Rule 4007(c) of the Federal Rules of Bankruptcy Procedure.

DATED this 21st day of May, 2013.

Kelly G. Black, PLC

/s/ Kelly G. Black
Attorneys for Garrett Harrison and Kiresten Harrison
By: Kelly G. Black, No. 016376

---

00001-001\Notice of Appearance.docx

# Exhibit B

# Exhibit B

The Law Offices of

# KELLY G. BLACK, PLC

1152 E Greenway St, Ste 4
Mesa, AZ 85203-4360
P 480-639-6719
F 480-639-6819
kgb@kellygblacklaw.com
Attorneys for Garrett Harrison and Kiresten Harrison
By:    Kelly G. Black, No. 016376

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| In re: | No.  2:11-bk-06877-GBN |
|---|---|
| **Garrett Harrison and Kiresten Harrison,** | Chapter 11  Proceedings |
| Debtors | **Notice of Errata** |
| | Assigned to: Honorable George B. Nielsen Jr. |

Debtors Garrett Wade  Harrison and Kiresten Kei Harrison, (the "Debtors," or "Debtors-in-Possession") give notice of the following errors appearing in their Chapter 11 Plan (Doc 103), which are corrected in the attachments hereto and reproduced below.

Paragraph 6.5 of the Plan contained a word processing error and is corrected as follows:

6.5    *Lien Stripping*. Without limiting the foregoing, entry of an order confirming the Plan shall have the effect of vesting the real property identified in Sections 3.4-3.5 in Debtors free of all liens, claims and interests, including but not limited to the following:
…

In addition, Paragraph 6.5.3 of the Plan omitted a name, which is supplied as follows:

6.5.3   The Deed of Trust recorded October 24, 2005 in the records of the Maricopa County Recorder at 2005-1594883 in favor of Household Realty Corporation and apparently the subject of an unrecorded assignment to Three Arch Capital, Inc. shall be void and of no further effect. The holder of this claim shall instead be allowed an unsecured claim in the amount of $35,000.00, or in such other amount as may be allowed on any proof of claim which it may file.

DATED this 18th day of July, 2013.

Kelly G. Black, PLC


/s/ Kelly G. Black
_____
Attorneys for Garrett Harrison and Kiresten Harrison
By: Kelly G. Black, No. 016376

Page 1

4.2    Upon the effective date of this Plan, the Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly assumed in this Article IV, unless separately assumed on motion filed after the filing of this Plan and before the date of the order confirming this Plan. A proof of a claim arising from the rejection of an executory contract or unexpired lease under this section must be filed no later than thirty (30) days after the date of the order confirming this Plan.

## V.    Allowance and Disallowance of Claims

5.1    *Disputed Claim*. A disputed claim is a claim that has not been allowed or disallowed by a final non-appealable order, and as to which either: (i) a proof of claim has been filed or deemed filed, and the Debtors or another party in interest has filed an objection; or (ii) no proof of claim has been filed, and the Debtors have scheduled such claim as disputed, contingent, or unliquidated.

5.2    *Delay of Distribution on a Disputed Claim*.  No distribution will be made on account of a disputed claim unless such claim is allowed by a final non-appealable order.

5.3    *Settlement of Disputed Claims*.  The Debtors will have the power and authority to settle and compromise a disputed claim with court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

5.4    *Administrative and Lease Rejection Claims*. Administrative claims are governed by Section 3.4 of this Plan. Claims relating to rejected leases are governed by Section 4.2 of this Plan.

5.5    *Allowance and Disallowance of Secured Claims*. Confirmation of the Plan will result in the allowance and disallowance of specific claims of secured claims as provided in Sections 3.4-3.5. If not there allowed, secured claims will be disallowed and any related lien released as provided in Article VI. **You are advised to review these provisions to identify your claim and determine whether and how it will be allowed and treated under the Plan.**

## VI.    Means for Implementation of the Plan

6.1    *Retention of Property of the Estate*. Except as specifically stated in the Plan, Debtors shall retain all of their legal and equitable interests in exempt and non-exempt assets of this estate, including income, free and clear of all claims and interests. For purposes of § 1141(c), all estate property shall be deemed "dealt with by the plan." All estate property shall vest in Debtors at confirmation.

6.2    *Transfer of Property of the Estate*. After confirmation, Debtors may transfer property of the estate. Each transfer shall be subject to the Debtors' respective obligations under the allowed secured claims and liens, as modified in this Plan.

6.3    *Satisfaction and Modification of Liens*. Liens against property of the estate shall be satisfied and modified on Debtors' compliance with the relevant terms of Articles III and IV. Any lien which is wholly unsecured shall be deemed released upon confirmation of the Plan.

6.4    *Curing or Waiving Default*. Any default of Debtors shall be deemed cured or waived by confirmation of this Plan.

6.5    *Lien Stripping*. Without limiting the foregoing, entry of an order confirming the Plan shall have the effect of vesting the real property identified in Sections 3.4-3.5 in Debtors free of all liens, claims and interests, including but not limited to the following:

6.5.1    The liens, claims and interest identified in Sections 3.4-3.5 shall be preserved, modified, released and satisfied on the terms stated in those Sections.

6.5.2    The Deed of Trust recorded May 27, 2005 in the records of the Maricopa County Recorder at 2005-0711358 in favor of Aegis Funding Corp. dba Aegis Home Equity and apparently the subject of an unrecorded assignment to Sovereign Bank, N.A. shall be void and of no further effect. The holder of this claim shall instead be allowed an unsecured claim in the amount of $92,135.00, or in such other amount as may be allowed on any proof of claim which it may file.

6.5.3    The Deed of Trust recorded October 24, 2005 in the records of the Maricopa County Recorder at 2005-1594883 in favor of Household Realty Corporation and apparently the subject of an unrecorded assignment to Three Arch Capital, Inc. shall be void and of no further effect. The holder of this claim shall instead be allowed an unsecured claim in the amount of $35,000.00, or in such other amount as may be allowed on any proof of claim which it may file.

6.5.4    The Judgment recorded January 13, 2009 in the records of the Maricopa County Recorder at 2009-0029706 by Capital One Bank (USA), NA, together with any proceedings in *Capital One Bank (USA), NA v. Harrison*, Maricopa County Superior Court No. TJ2009-060608 shall be void and of no further effect. The holder of this claim shall instead be allowed an unsecured claim in such amount as may be allowed on any proof of claim which it may file.

6.5.5    The Judgment recorded April 6, 2009 in the records of the Maricopa County Recorder at 2009-0303029 by CACH, LLC, together with any proceedings in *CASH, LLC v. Harrison*, Maricopa County Superior Court No. CV2008-026607 shall be void and of no further effect. The holder of this claim shall instead be allowed an unsecured claim in such amount as may be allowed on any proof of claim which it may file.

6.5.6    The Judgment recorded September 25, 2009 in the records of the Maricopa County Recorder at 2009-0891793 by Midland Funding, LLC, together with any proceedings in *Midland Funding, LLC v. Harrison*, Maricopa County Superior Court No. CV2009-012496 shall be void and of no further effect. The holder of this claim shall instead be allowed an unsecured claim in such amount as may be allowed on any proof of claim which it may file.

6.5.7    The Judgment recorded October 13, 2009 in the records of the Maricopa County Recorder at 2009-0945646 by Capital One Bank (USA), NA, together with any proceedings in *Capital One Bank (USA), NA v. Harrison*, Maricopa County Superior Court No. TJ2009-014088 shall be void and of no further effect. The holder of this claim shall instead be allowed an unsecured claim in such amount as may be allowed on any proof of claim which it may file.

6.5.8    The Judgment recorded November 25, 2009 in the records of the Maricopa County Recorder at 2009-1088519 by Midland Credit Management, Inc., together with any proceedings in *Midland Credit Management, Inc. v. Harrison*, Maricopa County Superior Court No. TJ2009-017502 shall be void and of no further effect. The holder of this claim shall instead be allowed an unsecured claim in such amount as may be allowed on any proof of claim which it may file.

6.5.9    The personal property identified in Debtors' schedules shall vest in Debtors free of all liens, claims and interests.

# Exhibit C

# Exhibit C

The Law Office of
# KELLY G. BLACK, PLC
1152 E Greenway St, Ste 4
Mesa, AZ 85203-4360
P 480-639-6719
F 480-639-6819
kgb@kellygblacklaw.com
Attorneys for Debtors
By:    Kelly G. Black, No. 016376

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF ARIZONA

| In re: | No. 2:11-bk-06877-BKM |
|---|---|
| **Garrett Wade Harrison and Kiresten Kei Harrison**, | Chapter 11 Proceedings |
| Debtors. | **Stipulation Resolving Objection to Plan (The Bank of New York Mellon)** |
| | Assigned to: Honorable Brenda K. Martin |

Garrett Wade Harrison and Kiresten Kei Harrison, Debtors and Debtors-in-Possession ("Debtors") stipulate with The Bank of New York Mellon fka The Bank of New York, as Trustee for the Certificate Holders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2004-12, Mortgage Pass Through Certificates, Series 2004-12 ("The Bank of New York Mellon") by and through its loan servicer, Bayview Loan Servicing LLC ("Bayview") on the terms stated below.

### I.    Background

1.    Debtors filed for protection under Chapter 13 of the Bankruptcy Code on March 16, 2011. (Doc 1.)

2.    By order entered November 20, 2011, the case was converted to one under Chapter 11. (Doc 60.)

3.    Debtors filed their Chapter 11 Plan of Reorganization (Doc 103) (the "Plan") on May 21, 2013 and their Motion to Determine Valuation of Claims and Avoid Liens Secured by

1   18525 E Purple Sage Dr, Queen Creek AZ 85242 (Doc 127) (the "Valuation Motion") on July 31,

2   2013.

3        4.    The Bank of New York Mellon filed its objection to the Valuation Motion on

4   August 7, 2013 (Doc 129), and filed its original (Doc 131) and supplemental (Doc 142) objections

5   to the Plan on August 16, 2013 and October 15, 2013.

6        5.    After further briefing, the Court overruled the objections and confirmed the

7   Debtors' Plan in open court (Doc 180).

8        6.    The parties enter into this stipulation to avoid doubt in the interpretation of the

9   Plan, and to accommodate their respective needs.

10  **II.   Resolution of Objections**

11       7.    Debtors and The Bank of New York Mellon stipulate that the Valuation Motion

12  does not affect The Bank of New York Mellon's allowed claim, which shall be treated as fully

13  secured regardless of the valuation.

14       8.    Debtors and The Bank of New York Mellon stipulate that paragraph 3.4 of the

15  Plan shall be replaced in its entirety by the following provisions:

16

17       3.4   **Class 4**.    The claim of The Bank of New York Mellon fka The Bank
         of New York, as Trustee for the Certificate Holders of CWMBS, Inc., CHL Mortgage
         Pass-Through Trust 2004-12, Mortgage Pass Through Certificates, Series 2004-12, filed
18       as Proof of Claim 22 and scheduled under the name "Bac Home Loans Servici" at
         Docket 13, p. 9, account number xxxx6663, secured by a deed of trust recorded with the
19       Maricopa County Recorder on April 22, 2004 at 2004-0433069, with the related
         assignment recorded March 14, 2012 at 2012-0212519, against the following described
20       property:

21           18525 E. Purple Sage Drive
             Queen Creek, AZ 85242,
22
         more fully described as:
23
             Lot 96, Parcel G at Sossaman Estates, according to Book 585 of Maps, Page 1,
24           records of Maricopa County, Arizona

25           APN: 304-68-888,

26       shall be allowed as a secured claim. The above-described property shall secure the
         following obligations:
27
                a.    The terms of the Subject Loan shall be unmodified in the Debtors'
28           Chapter 11 Plan and the terms of the Note and Deed of Trust shall control the

treatment of the claim except as expressly modified by this Stipulation. The Debtors shall make regular contractual payments (currently $2,274.59, consisting of a principal and interest payment of $1,802.42 and a monthly escrow payment in the current amount of $472.17) beginning July 1, 2015. The monthly escrow payment includes impounds for real property taxes, real property hazard insurance, and PMI mortgage insurance. This amount is subject to change pursuant to the terms of the Subject Loan. The Bank of New York Mellon shall continue to adjust monthly escrow payments as required by the loan documents, except that any escrow deficiency or other default through June 30, 2015 shall be cured under the provisions of paragraph 3.4(b) rather than through escrow reconciliation. A copy of the most recent escrow analysis is attached hereto as Exhibit A and incorporated herein by reference.

b. The Debtors' arrearages for payments due before July 1, 2015 shall be allowed in the amount of $90,095.28 and paid in 48 monthly payments of $181.30 beginning June 1, 2016 and continuing until June 1, 2020 with a final balloon payment due for the outstanding arrears owed on the Subject Loan

*Lien.* Until payments are completed under this Paragraph 3.4, this class shall maintain its pre-petition lien, limited to the amount of the allowed secured claim. Upon payment in full of the payments provided for this class, Debtors shall be entitled to a release of all pre-petition, post-petition and post-confirmation liens.

*Default.* A default with respect to this class shall not constitute a default under the plan with respect to any other class or party in interest. In the event of a future default under the terms of this Stipulation, the terms of the Subject Loan shall control.

*Pre-Payment.* Debtors will have the right to prepay this secured claim without penalty at any time.

*Conversion/Dismissal.* In the event the Debtors' case is dismissed or converted to any other chapter under Title 11 of the Bankruptcy Code prior to the Debtor's receipt of a discharge and entry of a final decree, the terms of this Stipulation shall be void. Creditor shall not be required to release the loan from bankruptcy status and/or resume regular monthly statements until entry of a final decree and close of the Debtors' Chapter 11 case.

9. The Bank of New York Mellon accepts the Plan as amended herein and hereby withdraws its objections thereto (Docs 131, 142).

DATED this 29th day of June, 2015.

Kelly G. Black, PLC

/s/ Kelly G. Black

Attorneys for Debtors
By: Kelly G. Black, No. 016376

| | |
|---|---|
| 1 | ALDRIDGE PITE, LLP |
| 2 | /s/ Phil Giles |
| 3 | Attorneys for The Bank of New York Mellon and the loan servicer, Bayview Loan Servicing LLC |
| 4 | By: Phil Giles |
| 5 | |

Harrison C-ANGES.docx

6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# Exhibit D

**Exhibit D**

1  THE LAW OFFICE OF
2  KELLY G. BLACK, PLC
   1152 E Greenway St, Ste 4
3  Mesa, AZ 85203-4360
   P 480-639-6719
4  F 480-639-6819
   kgb@kellygblacklaw.com
5  Attorneys for Debtors
   By:    Kelly G. Black, No. 016376
6
                    UNITED STATES BANKRUPTCY COURT
7
                         DISTRICT OF ARIZONA
8
   In re:                          | **No. 2:11-bk-06877-BKM**
9
   **Garrett Wade Harrison and Kiresten Kei** | Chapter 11 Proceedings
10 **Harrison**,
                                    | **Stipulation Allowing Claim and**
11    Debtors.                      | **Providing for Plan Treatment (Internal**
                                    | **Revenue Service)**
12
                                    | Assigned to: Honorable Brenda K. Martin
13
14        Garrett Wade Harrison and Kiresten Kei Harrison, Debtors and Debtors-in-Possession

15 ("Debtors") stipulate with the Internal Revenue Service ("IRS") on the terms stated below.

16 **I.    Background**

17        1.      Debtors filed for protection under Chapter 13 of the Bankruptcy Code on March

18 16, 2011. (Doc 1.)

19        2.      By order entered November 20, 2011, the case was converted to one under

20 Chapter 11. (Doc 60.)

21        3.      Debtors filed their Chapter 11 Plan of Reorganization (Doc 103) (the "Plan") on

22 May 21, 2013.

23        4.      The IRS has filed as Claim 5-9 an unsecured prepetition claim in the amount of

24 $14,472.89, of which $8,984.08 is alleged to have priority under § 507(a)(8) (the "Claim").

25
26
27
28

## II. Plan Treatment

5. The Claim shall be allowed (a) in the amount of $8,984.08 as an unsecured claim with priority under § 507(a)(8) (the "Priority Tax Claim") and (b) in the amount of $5,488.81 as a general unsecured non-priority claim (the "Non-Priority Claim").

6. In lieu of the treatment provided for in paragraph 3.2 of the Plan, the Priority Tax Claim shall be paid in ten monthly installments of $300.00, beginning on the effective date of the Plan, followed by monthly installments of $500.00, until the Priority Tax Claim, with interest at the annual rate of 4%, is paid in full.

7. The Non-Priority Claim shall be treated as provided in paragraph 3.3 of the Plan.

8. The IRS accepts the Plan as amended herein.

DATED this 15th day of April, 2016.

Kelly G. Black, PLC

Attorneys for Debtors
By: Kelly G. Black, No. 016376

United States Attorney for the District of Arizona

Attorneys for the Internal Revenue Service ("IRS")
By: Virginia Gourlay, Assistant U.S. Attorney

IRS Stip April 15 2016.docx

# Exhibit E

# Exhibit E

1   THE LAW OFFICE OF
2   KELLY G. BLACK, PLC
    1152 E Greenway St, Ste 4
3   Mesa, AZ 85203-4360
    P 480-639-6719
4   F 480-639-6819
    kgb@kellyblacklaw.com
5   Attorneys for Debtors
    By:    Kelly G. Black, No. 016376
6

7           UNITED STATES BANKRUPTCY COURT

8               DISTRICT OF ARIZONA

9    In re:                              No. 2:11-bk-06877-BKM

10   **Garrett Wade Harrison and Kiresten Kei**     Chapter 11 Proceedings
     **Harrison,**
                                         **Stipulation Resolving Objection to Plan**
11       Debtors.                        **(Sossaman Estates HOA)**

12                                       Assigned to: Honorable Brenda K. Martin

13

14          Garrett Wade Harrison and Kiresten Kei Harrison, Debtors and Debtors-in-Possession

15   ("Debtors") stipulate with Sossaman Estates Homeowners Association ("Association") on the

16   terms stated below.

17   I.     Background

18          1.      Debtors filed for protection under Chapter 13 of the Bankruptcy Code on March

19   16, 2011. (Doc 1.)

20          2.      By order entered November 20, 2011, the case was converted to one under

21   Chapter 11. (Doc 60.)

22          3.      Debtors filed their Chapter 11 Plan of Reorganization (Doc 103) (the "Plan") on

23   May 21, 2013 and their Motion to Determine Valuation of Claims and Avoid Liens Secured by

24   18525 E Purple Sage Dr, Queen Creek AZ 85242 (Doc 127) (the "Valuation Motion") on July 31,

25   2013.

26

27

28

1       4.      Association filed its Objection to Chapter 11 Plan (Doc 109) and Objection to

2   Disclosure Statement (Doc 110) on June 5, 2013, and its Response to the Valuation Motion on

3   August 9, 2013 (Doc 130).

4       5.      After the parties resolved their disputes, the Court confirmed the Debtors' Plan in

5   open court (Doc 180).

6       6.      The parties enter into this stipulation to avoid doubt in the interpretation of the

7   Plan, and to accommodate their respective needs.

8   **II.**   **Resolution of Objections**

9       7.      Debtors and Association stipulate that the amount of the post-petition lien

10  provided for in paragraph 3.5 of the Plan shall be $7,971.80 through March 31, 2016, and that the

11  monthly installments shall be in the amount of $797.18 rather than $206.70, and shall begin April

12  1, 2016. In addition, Debtors shall remain current on the monthly assessments falling due on or

13  after April 1, 2016. The Association will retain any lien rights it may have with respect to the

14  allowed secured post-petition claim.

15      8.      Debtors and the Association stipulate that the Association's claim is allowed as a

16  pre-petition secured claim in the amount of $9,217.61. The holder of this claim will retain any lien

17  rights it may have with respect to the allowed secured pre-petition claim until paid in full. The

18  allowed pre-petition secured claim of $9,217.61 will be paid with interest at the annual rate of

19  5.25% in one hundred twenty monthly installments in the minimum sum of $110.31 beginning the

20  11th month after the effective date and continuing until paid in full. The Lis Pendens recorded

21  June 28, 2010 in the records of the Maricopa County Recorder at 2010-0544901 by Sossaman

22  Estates Homeowners Association, together with any proceedings in Sossaman Estates

23  Homeowners Association v. Harrison, Maricopa County Superior Court No. CV2010-020330

24  shall be void and of no further effect.

25  / / /

26

27

28

1        9. The Association accepts the Plan as amended herein and hereby withdraws its

2 objections to the Disclosure Statement, the Plan, and the Valuation Motion (Docs 109, 110, 130).

3        DATED this 22nd day of April, 2016.

4

5                              Kelly G. Black, PLC

6

7                              Attorneys for Debtors
                                   By: Kelly G. Black, No. 016376

8

9                              The Travis Law Firm, PLC

10

11                             Attorneys for Sossaman Estates Homeowners
                             Association ("Association")

12                             By: Melissa S. Lavonier, No. 025982

13

Sossaman Stip April 15 2016.docx

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28